The Judges,
having maturely considered the case, were " of opinion, that the decree was not warranted by law, and that it should be set aside. For although the act of 1802 prohibits gaming at taverns and inns, &c. and inflicts a penalty on the parties concerned in gaming and betting, as well as on the tavern-keepers, &c. yet it is silent as to all contracts made by other persons, though at the time and place where such gambling is going on. If then there was no law to prohibit the plaintiff (who does not appear to have been concerned in playing or betting) from lending, or the defendant from borrowing, the contract, as between them, was fair and binding on both sides.
The British statutes made of force in this country against gaming, and our own act of the legislature, only declares, all gaming contracts, and securities for the performing such contracts at any future time, void, and of none effect. They are all silent as to the money lost or won at the time, which is delivered to the winner; and *563 also as to money lent by third persons,- or property loaned to either of the parties; though at the time and place of play.
That in the present case, the horse loaned to the defendant might well be compared to money lent to play with, which, in the case of Robinson and Bland, 2 Burr. 1082. was determined to be recoverable. They said they could see no difference between the two cases.
Rule for setting aside the decree, and for a new trial, made absolute.
All the judges present.